IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **BEST SECURITY TRAINING & ASSOCIATES, LLC** * <br> **4506 St. Barnabas Road** <br> **Temple Hills, MD 20748** * | |
| **Plaintiff** * | |
| v. * | Case No.: |
| **PARAGON SYSTEMS, INC.** * <br> **13655 Dulles Technology Drive, Suite 100** <br> **Herndon, Virginia 20171** * | |
| **Defendant** * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

NOW comes Defendant Paragon Systems, Inc. ["Paragon" or "Defendant"], by and through its undersigned counsel, and files this Notice of Removal from the Circuit Court of Maryland for Prince George's County to the United States District Court for the District of Maryland, and in support thereof state as follows:

1. On June 25, 2014, Plaintiff, Best Secuirty Training & Associates, LLC ["Best Security" or "Plaintiff"], filed the present lawsuit alleging two causes of action, (I) defamation and (II) wrongful interference with business relationship, in the Circuit Court for Prince George's County, Case Number, CAL 14-15480 [hereinafter referred to as the "State Court Action"].

2. Defendant was served on August 21, 2014. Removal is therefore timely pursuant to 28 U.S.C. 1446.

3. According to the Complaint, Plaintiff is a limited liability company in the State of Maryland and is authorized to transact business in Maryland.

4.   Defendant is an Alabama corporation with its princpal place of business in Herndon, Virginia.

5.   This Court has jurisdiction pursuant to 28 U.S.C. §1332. There is true diversity of citizenship among the real parties in interest, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.   The amount in controversy requirement has been satisfied on two bases. First, the lawsuit, which involves one plaintiff and one defendant, alleges two separate causes of action, each of which Plaintiff claims to have been damaged "in an amount of no less than $75,000." (Compl. ¶¶ 57, 62.) Second, Plaintiff seeks reasonable attorney fees, which, when considered in conjunction with Plaintiff's alleged damages, result in an amount in controversy that exceeds $75,000 for diversity jurisdiction purposes. *See Smith v. Aventis Cropscience USA Holding, Inc.*, 2001 U.S. Dist. LEXIS 24015, at *5 (D. Md. June 4, 2001) (denying motion to remand because individual damages and attorney's fees, among other things, exceeded $75,000.)

7.   One copy of the complaint is attached as ***Exhibit 1*** to this Notice of Removal as required by 28 U.S.C. § 1446(a).

8.   Defendant Paragon petitions for removal of this action to this Court pursuant to 28 U.S.C. §1441, *et seq.*, as amended, and requests a waiver of any bond requirements.

Respectfully submitted,

Paul M. Finamore, 05992
pmfinamore@nilesbarton.com

Jason C. Richlyn, 29997
Niles, Barton & Wilmer, LLP
111 South Calvert Street
Suite 1400
Baltimore, Maryland 21202
(410) 783-6340
jcreichlyn@nilesbarton.com
*Attorneys for Defendant Paragon Systems, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of September 2014, a copy of Defendant's Notice of Removal was mailed via first class mail postage prepaid to:

Jerry A. Miles, Esquire
Angeline R. Burke, Esquire
Deale Services, LLC
One Research Court
Suite 450
Rockville, Maryland 20850
***Attorneys for the Plaintiffs***

Jason C. Reichlyn

4835-7247-3886, v. 1